UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SANDERS,

    Plaintiff,

v.

KETTERING UNIVERSITY,

    Defendant.
_____/

Hon. Victoria A. Roberts

Case No. 07-11905

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Partial Reconsideration of September 17, 2009 Opinion and Order Adopting the Report and Recommendation of the Magistrate.  Defendant Kettering University filed a Response.  For the reasons stated below, the Court **DENIES** the Motion.

**II.  BACKGROUND**

Plaintiff Michael Sanders, a former assistant professor at Defendant Kettering University, brought this action to challenge his July 2006 termination.  On September 17, 2009, the Court adopted the Magistrate's Report and Recommendation and granted summary judgment in Defendant's favor on Plaintiff's claims of national origin discrimination, retaliation and breach of contract.  Plaintiff moves the Court to reconsider its Order on the breach of contract claim only.

1

### III.     STANDARD OF REVIEW

A Court will grant a motion for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### IV.     ANALYSIS

Plaintiff's Motion essentially rehashes arguments that the Court already rejected. Plaintiff first argues that the Court erred in finding he did not establish a *prima facie* case because he presented credible evidence disputing the allegations made against him by Defendant.  He says the Court's failure to consider his evidence and draw all factual inferences in his favor, constitute palpable error.  He contends that where the non-moving party disputes the alleged conduct, there are questions of fact which preclude summary judgment.  This Court disagrees.  The Court thoroughly considered both parties' evidence and determined there was no question of fact.

Plaintiff next argues that the Court erred in relying on *Thomas v. John Deere Corp.*, 205 Mich App. 91 (1994) as an exception to the rule articulated in *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich 579 (1980).  Notably, it was Plaintiff who cited *Thomas* as an exception to the *Toussaint* rule; he sought to distinguish it from

his case by arguing that Defendant's policies didn't explicitly reserve the sole authority to determine just cause. Plaintiff now contends *Thomas*' statement that an employer can make itself the sole arbiter of just cause is *dicta*.

Although one panel of the Michigan Court of Appeals refused to follow *Thomas* in *Rogers v. Powers*, 1997 Mich App LEXIS 3269 (Mich. App. August 29, 1997), numerous others recognize the *Thomas* exception. See e.g. *Stack v. K-Mart Corp.,* 1996 Mich App LEXIS 858 (Mich. App. Nov. 8, 1996); *Keena v. City Bank & Trust Company*, 1997 Mich App LEXIS 2454 (Mich. App. Oct. 21, 1997); *Bengel v. Foote Memorial Hospital*, 1999 Mich. App. LEXIS 704 (Mich. App. Aug. 3, 1999); *Merlino v. MGM Grand Detroit, LLC*, 2004 Mich. App. LEXIS 2355 (Mich. App. Sept. 14, 2004). The Court agrees with Defendant that the *Thomas* exception is well established. Defendant's formal Faculty Fair Treatment Procedures include a three-step process to resolve complaints, including dismissals. *See* Plaintiff's Motion, Exh. 3, Ch. 7, Sec. 7.6. At the third step - filing an appeal with the University President - his decision is final. *Id*. Within 21 working days of receipt of the President's decision, the faculty member may make a demand for binding arbitration. *Id*. If no such demand is made, the President's decision on dismissal is final and binding on the faculty member. *Id*. These provisions do not give the Court the authority to second-guess Defendant's determination. *Thomas v. John Deere Corp.*, 205 Mich App. at 95. Moreover, the Court found the facts established just cause for the termination even if the just cause standard was not contractually required.

**V.   CONCLUSION**

Plaintiff does not present a palpable defect by which the Court or the parties have been misled. Therefore, Plaintiff's Motion for Partial Reconsideration is **DENIED**.

**IT IS ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: November 13, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 13, 2009.

s/Linda Vertriest
Deputy Clerk

---